1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

11  ROBERT FORTUIN,                                    CASE NO. 10-CV-896 JLS (CAB)

12                                    Plaintiff,       **ORDER: DENYING PLAINTIFF'S**
            vs.                                        **MOTION TO REMAND**
13
    GE COMMERCIAL DISTRIBUTION                         (Doc. No. 17)
14  FINANCE CORPORATION, et. al.,

15                                    Defendant.

16

17          Presently before the Court is Plaintiff Robert Fortuin's Motion to Remand.  (Doc. No. 17.)

18  Defendant GE Commercial Distribution Finance Corporation filed an opposition and Plaintiff filed

19  a reply.  (Doc. Nos. 21, 23.)  For the reasons set forth below, the Court **DENIES** Plaintiff's Motion

20  to Remand.

21                                    **BACKGROUND**

22          Plaintiff filed a complaint for declaratory relief against Defendant in the San Diego

23  Superior Court.  (Doc. No. 1 (NOR), Ex. A (Compl.).)  Plaintiff seeks a declaration that he did not

24  enter into a guaranty agreement for a $250,000 loan made by Defendant to Worldwide Material

25  Distribution.  (Compl. ¶¶ 8, 19; NOR ¶ 1.)

26          Defendant was served on March 30, 2010 and on April 28, 2010 filed a notice of removal

27  to the Southern District of California.  (*Id*. ¶¶ 5, 6.)  On May 12, 2010, Defendant answered

28  Plaintiff's complaint and filed a counterclaim for breach of contract seeking $255,482.61 in

1  damages against Plaintiff and Counterclaim Defendants Worldwide Material Distribution, Noel

2  Guilianotti, and Julian Mullen.  (Doc. No. 7.)

3        On May 28, 2010, Plaintiff moved to remand based on abstention principles.  (Memo. ISO

4  Motion ¶ 4.)  Defendant filed an opposition and Plaintiff filed a reply.  (Doc. Nos. 21, 23.)

5                                  **LEGAL STANDARD**

6        The Declaratory Judgment Act provides in relevant part: "In a case of actual controversy

7  within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading,

8  may declare the rights and other legal relations of any interested party seeking such declaration,

9  whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  If an action seeking

10 declaratory judgment presents an actual case or controversy and fulfills jurisdictional

11 prerequisites, a district court must make a discretionary determination that entertaining the action

12 is appropriate.  *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1222–23 (9th Cir. 1998).

13       Though discretionary, "the court must decide whether to exercise its jurisdiction by

14 analyzing the factors set out in *Brillhart v. Excess Ins. Co.,* 316 U.S. 491 (1942), and its progeny."

15 *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005).  "Essentially, the district

16 court 'must balance concerns of judicial administration, comity, and fairness to the litigants.'"

17 *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 144 (9th Cir. 1994) (citing *Chamberlain v. Allstate Ins.*

18 *Co.,* 931 F.2d 1361, 1367 (9th Cir. 1991)).  *Brillhart* sets forth a non-exclusive list of factors

19 advising that a "district court should avoid needless determination of state law issues; it should

20 discourage litigants from filing declaratory actions as a means of forum shopping; and it should

21 avoid duplicative litigation."  *Dizol,* 133 F.3d at 1225.  A number of other considerations may be

22 relevant:

23       whether the declaratory action will settle all aspects of the controversy; whether the
         declaratory action will serve a useful purpose in clarifying the legal relations at
24       issue; whether the declaratory action is being sought merely for the purposes of
         procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a
25       declaratory action will result in entanglement between the federal and state court
         systems.  In addition, the district court might also consider the convenience of the
26       parties, and the availability and relative convenience of other remedies.

27 *Id.*

28       The Ninth Circuit in *Dizol* outlined the rule that, in general, a court should not remand or

1  decline to entertain a claim for declaratory judgment "when other claims are joined with [the]

2  action for declaratory relief (e.g., bad faith, breach of contract, breach of fiduciary duty, rescission,

3  or claims for other monetary relief)." *Id.* (internal citation omitted). "If a federal court is required

4  to determine major issues of state law because of the existence of non-discretionary claims, the

5  declaratory action should be retained to avoid piecemeal litigation." *Id.* at 1225–26 (internal

6  citation omitted). If the district court has subject matter jurisdiction over the monetary claim alone

7  and the monetary claim need not necessarily be joined with the declaratory action, the court should

8  follow the general rule in *Dizol. United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1113

9  (9th Cir. 2001). A monetary counterclaim by a defendant in a declaratory action may create

10  mandatory jurisdiction. *United Nat'l Ins. Co.*, 242 F.3d at 1113 n.12.

11  **DISCUSSION**

12      Plaintiff seeks remand requesting that the Court decline to exercise discretionary

13  jurisdiction in the instant case. (Memo. ISO Motion ¶¶ 3,5,6,8.) Having examined this question,

14  the Court finds that retention of jurisdiction is mandatory in this case under *United National* in

15  light of Defendant's counterclaim.

16      First, the Court has subject matter jurisdiction over the counterclaim for breach of contract

17  asserted by Defendant against Plaintiff. *United Nat'l Ins. Co.*, 242 F.3d at 1113. Although

18  Plaintiff does not challenge the propriety of jurisdiction here, the Court nonetheless independently

19  examines this issue. (Memo. ISO Motion at 2.) Jurisdiction in this case is based on the parties'

20  diversity of citizenship. 28 U.S.C. § 1332(a). A corporation is deemed a citizen of its state of

21  incorporation and the state that hosts its principle place of business, making Defendant a citizen of

22  Delaware and Illinois . 28 U.S.C. § 1332(c)(1); NOR ¶ 8. Plaintiff, on the other hand, is a citizen

23  of California. (Compl. ¶ 16.) Further, the amount in controversy is $255,482.61. (Doc. No. 7 ¶

24  26a.) Therefore, the Court finds it has subject matter jurisdiction over Defendant's monetary

25  counterclaim.

26      Next, the Court must determine whether Defendant's breach of contract counterclaim must

27  be brought in the same action as Plaintiff's claim for declaratory relief, that is, whether the two

28  claims are "joined" or "independent." *United Nat'l Ins. Co.*, 242 F.3d at 1113. Here, the

1  monetary claims for breach of contract exist independently of claims for declaratory relief on the

2  contract and could be brought even if no declaratory action had been brought.  *Cf. Snodgrass v.*

3  *Provident Life and Acc. Ins. Co.*, 147 F.3d 1163, 1167–68 (9th Cir. 1998) (finding that monetary

4  breach of contract claim was independent of declaratory action); *see also Dizol,* 133 F.3d at 226

5  n.6 ("Because claims of . . . breach of contract . . . provide an independent basis for federal

6  diversity jurisdiction, the district court is without discretion to remand or decline to entertain these

7  causes of action.") (citation omitted); *Roberts-Obayashi Corp. v. Penn American Ins. Co.*, 2009

8  WL 5218047, at *1 (N.D. Cal. 2009) (holding that breach of contract is independent of declaratory

9  relief and that when both are joined jurisdiction is mandatory).

10      Because Defendant's action for breach of contract could be sustained in federal court in the

11  absence of the claim for declaratory relief, the Court must apply the general rule in *Dizol* that

12  when a claim for declaratory judgment is joined with a claim for breach of contract the Court may

13  not remand the declaratory action.  *United Nat'l Ins. Co.*, 242 F.3d at 1113.

14      Plaintiff, however, contends that it was the overall circumstances present in *United*

15  *National* which compelled the court to retain jurisdiction rather than the fact that the counterclaim

16  could be brought independently of the declaratory claim.  (Reply at 3.)  Plaintiff points to the

17  conclusion of the declaratory judgment section of the *United National* court which reads:

18          To sum up, we find that Travelers' reimbursement claim is, in all probability,
            sufficiently independent under California law to trigger mandatory federal
19          jurisdiction.  In any event, in view of all the circumstances addressed above, we
            conclude that the district court abused its discretion by remanding the removed
20          action to state court.

21  *United Nat'l Ins. Co.*, 242 F.3d at 1113.  Plaintiff interprets this language to signify that additional

22  factors favoring retaining jurisdiction must be present in order to impel mandatory jurisdiction.

23  (Opp. at 3.)

24      The more compelling reading of this passage is that the Ninth Circuit was providing an

25  alternative grounds for its reasoning.  That is, while the court believed that the counterclaim was

26  independent of the declaratory relief claim, the overall circumstances of the case provided an

27  alternative and sufficient grounds for finding that the remand constituted an abuse of discretion.

28  *See id.* at 1114 ("Accordingly, it appears that under California law, Travelers' request for

1  reimbursement is independent of the request for declaratory relief.").  This is consistent with

2  *United National*'s conclusion that an independent counterclaim joined with a declaratory action

3  creates mandatory federal jurisdiction.

4        Regardless, the relevant rule is unequivocal: "The proper analysis, then, *must be* whether

5  the claim for monetary relief is independent in the sense that it could be litigated in federal court

6  even if no declaratory claim had been filed."  *United Nat'l Ins. Co.*, 242 F.3d at 1113.  "*If* it [is

7  independent], *then* under the 'general rule' explained in *Dizol,* the district court abused its

8  discretion by remanding to state court."  *Id.* (emphasis added).  By using the word "must" and the

9  conditional form, there is little room for doubt that the dispositive factor is whether the joined

10  monetary claim could be brought independently of the declaratory action.  This rule has been

11  subsequently affirmed, repeated, and applied by numerous courts in the Ninth Circuit and this

12  Court may not disregard such precedent.  *See e.g. Ins. Co. State of Pa. v. The Roman Catholic

13  Archbishop of L.A.*, 227 F. App'x 643, 645 (9th Cir. 2007); *Roberts-Obayashi Corp. v. Penn Am.

14  Ins. Co.*, 2009 WL 5218047, at *1 (N.D. Cal. 2009); *Truck Ins. Exch. v. Atl. Mut. Ins. Co.*, 2007

15  WL 2102874, at *5 (N.D. Cal. 2007); *see also Liberty Surplus Ins. Corp. v. IMR Contractors

16  Corp.*, 2009 WL 1010842, at *3 (N.D. Cal. 2009) (specifically holding that the discussion of

17  additional factors does not change the threshold requirements for mandatory jurisdiction).

18        Finally, even if the Court were not obligated to exercise mandatory jurisdiction, it would

19  exercise its discretion to retain jurisdiction.  This case presents an actual case or controversy in the

20  dispute as to Plaintiff's liability as guarantor.  *See Principal Life Ins. Co. v. Robinson*, 394 F.3d

21  665, 669 (9th Cir. 2005) ("The requirement that a case or controversy exist under the Declaratory

22  Judgment Act is "identical to Article III's constitutional case or controversy requirement.") (citing

23  *Kearns,* 15 F.3d at 143); *see also Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240–41 (1937) (a

24  "controversy must be definite and concrete, touching the legal relations of parties having adverse

25  legal interests") (internal citations omitted).  Further, a discretionary exercise of jurisdiction is

26  appropriate under the *Brillhart* factors.  *Kearns*, 15 F.3d at 144 (internal citation omitted).

27        Plaintiff has identified only one relevant factor advocating remand aside from the general

28  observations that "Federal Courts are Courts of **limited jurisdiction**," and "Plaintiff is still the

master of his own claim." (Memo. ISO Motion at 3 (emphasis in original).)  Specifically, Plaintiff vaguely alleges that Defendant is forum shopping.  (Reply at 4.)  Plaintiff's action seeks a declaration that Plaintiff is not liable as a guarantor to Defendant on the $250,000 loan.  (Compl. ¶¶ 8, 19; NOR ¶ 1.)  That Defendant responded by filing a counterclaim for the value of the loan is not forum shopping such that the Court could find that the *Brillhart* factors urge remand.  This case presents standard questions of contract formation and contract interpretation, there are no parallel state court proceedings, and there are no obvious fairness concerns.  The circumstances in this case weigh in favor of exercising jurisdiction: judicial administration and economy favor litigating the declaratory action and the counterclaim together and the declaratory action would provide a useful purpose in clarifying the legal relationship between the parties.  Most importantly, there is simply no satisfactory justification presented to deny Defendant access to the federal forum.

Plaintiff relies heavily on *Quackenbush v. Allstate Ins. Co.* for the general assertion that the Court has discretion to remand this case.  517 U.S. 706 (1996).  Plaintiff, however, fails to articulate any rationale explaining the reasoning by which any of the number of abstention doctrines discussed in *Quackenbush* are applicable in the instant case.  The Supreme Court in *Quackenbush* explains the general principle underlying the abstention doctrines addressed as "'reflect[ing] a doctrine of abstention appropriate to our federal system, whereby the federal courts, 'exercising a wise discretion,' restrain their authority because of 'scrupulous regard for the rightful independence of the state governments' and for the smooth working of the federal judiciary.'" *Id.* at 1721 (quoting *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496, 501 (1941)).  Plaintiff does not allege, and the Court has no reason to believe, that the issues of contract formation and interpretation presented by the instant case in any way implicate overriding federalism concerns demanding deference to state courts.  Furthermore, Plaintiff argues only that the Court has authority for discretionary remand not that the Court is required to remand.  As stated above, even if the Court were not required to exercise mandatory jurisdiction, the Court

1  would exercise discretionary jurisdiction.[1]  As such, Plaintiff's motion to remand must be

2  **DENIED**.

3                                        **CONCLUSION**

4        For the reasons stated above, the Court **DENIES** Plaintiff's motion to remand.

5        IT IS SO ORDERED.

6

7  DATED:  August 10, 2010

8                                        *Janis L. Sammartino*
                                         Honorable Janis L. Sammartino
9                                        United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  ───────────────────

26      [1]Plaintiff's reply changes his original request for outright remand to remand of the declaratory
    action and stay of the counterclaim.  (Reply at 4.)  Though the Court does not wish to encourage using
27  a reply to change relief requested, the Court notes that for the same reasons stated above, the Court
    would exercise discretionary jurisdiction over the declaratory action. *Cf. Snodgrass*, 147 F.3d at 1167
28  (9th Cir. 1998) ("Remanding only the declaratory component of such an action will frequently
    produce piecemeal litigation, a result which the Declaratory Judgment Act was intended to avoid,
    rather than promote.") (internal citations omitted).

10cv896